CuRiA, per O’Neaul, J.
The act of 1769, (P. L. 270,) after authorizing the Judges to hear and determine causes, in which the demand is not more than £20, in a summary way, provides, “ in which suit the plaintiff and defendant shall have the benefit of all matters, in the same manner as if the suit was commenced in the ordinary forms of common law or equity.” The 34th rule of court prescribes the terms upon which either party may have, under this clause of the act, a discovery. But there is nothing in the rule which favors the idea that the discovery to be obtained under it can be demanded in a case where the Court of Equity would refuse it. If it were so, the rule would be perfectly nugatory, for the only authority which the Judges of the law court have to require a discovery, is the provision of the act of 1769, giving to the parties the benefit of all matters, as if the suit were commenced in equity. Speaking of the former rule, in this respect, of which the 34th is a mere transcript, the present presiding Chancellor, (then Mr. Justice Johnson,) in the case of Clark v. Meek, 2 Bail. 391, said it “ was intended to assimilate those cases (summary processes,) to the practice in Chancery.” In a summary process, the party demanding a discovery, is to be considered as in equity, seeking discovery and relief; and if that court, on a bill filed, would compel the party to answer, then the law court must also require it.
In Beame’s Pleas in Equity, 165, the rule is stated to be, that “ the statute of limitations is a good plea in bar to the relief sought by a bill, as it is a good special plea in bar to an action at law.” Upon such a plea, there filed, it could not'be pretended, that the defendant should answer until his plea was considered, and overruled. It is a legal bar to any legal or equitable remedy; and until removed, the court cannot proceed further in the cause. The case of Lansing v. Starr, 2 J. C. R., 150, is full to the very point before us. It was in that case held, that the statute of limitations was a good plea in bar, to a bill seeking a discovery to avoid the *285 plea of the statute of limitations to an action pending between the parties at law. That case is this : — For- here the discovery is sought to overrule the plea. It is, hence, clear, that a party cannot be called upon to make a discovery to overrule the plea of the statute of limitations.
Glover, for the motion.
Whitmore, contra.
The motion to reverse the decision below, and for a new trial is granted.
Evans, Earle, and Butler, Justices, concurred.